Saro AYVAZYAN; Alvita Ayvazyan,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71044.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2006.*

Decided March 20, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saro Ayvazyan, Glendale, CA, pro se.

Alvita Ayvazyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS and TALLMAN, Circuit Judges, and FITZGERALD,** District Judge.

## MEMORANDUM ***

Saro Ayvazyan petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We grant the petition for review. Where the BIA summarily affirms an IJ's decision without opinion, we review the IJ's decision to deny asylum and his credibility determinations for substantial evidence. *Chen v. Ashcroft*, 362 F.3d 611, 616 (9th Cir.2004).

When an IJ makes an adverse credibility determination, the IJ must provide "specific, cogent reasons that bear a legitimate nexus to the finding[,]" with inconsistencies or implausibilities that "go to the heart of the asylum claim." *Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir. 2005) (internal quotations and alterations deleted). Minor inconsistencies cannot serve as the basis for denying an asylum petition, particularly where "inconsistencies cannot be viewed properly as attempts to enhance claims of persecution. . . ." *Hoque v. Ashcroft,* 367 F.3d 1190, 1195 (9th Cir.2004). An IJ may not use a perceived discrepancy as a basis for an adverse credibility determination without affording the petitioner a full and fair opportunity to address it. *Kumar v. Gonzales,* 435 F.3d 1019, 1027 (9th Cir.2006).

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Applying these principles, we conclude that the IJ's adverse credibility determination is not supported by substantial evidence.

First, the IJ found that Ayvazyan was not credible because he stated in his application that he was cut with sharpened metal, but did not mention being cut in his testimony. The IJ also noted that Ayvazyan's medical records suggested that he was burned, not cut. The difference between being cut on one's chest and being burned is minor and does not go to the heart of Ayvazyan's claim that he was beaten, nor can it be seen as an attempt to bolster his claims of persecution. *See Li v. Ashcroft,* 378 F.3d 959 (9th Cir.2004); *Hoque,* 367 F.3d at 1195.

More importantly, the IJ did not afford Ayvazyan the opportunity to rebut this evidence. Ayvazyan claims that, if the opportunity had been presented, he would have demonstrated that the marks were, in fact, cuts. We need not determine whether this representation is accurate. The critical point is that Ayvazyan was not put on notice that the nature of his injuries was at issue, and had no opportunity to present evidence on the question. For this reason, and because the discrepancy goes not go to the heart of the claim, we must discount it as a basis on which to sustain the IJ's adverse credibility determination.

Second, the IJ found that Ayvazyan was not credible because his application varied in some respects from his testimony about an incident in October 1998, in which he and members of his family were beaten. A close review of the record indicates that the statements are not necessarily inconsistent and, in any event, the cited inconsistencies are minor, do not go to the heart of the claim, and cannot be seen as an attempt to enhance Ayvazyan's claim of persecution. *Hoque,* 367 F.3d at 1195. "A

minor inconsistency in identifying the location of a person's persecution, in light of otherwise consistent testimony, cannot form the basis of an adverse credibility finding." *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

Third, the IJ found that Ayvazyan's testimony was not credible because his application for asylum stated that the militia contacted him to extort money, whereas his testimony indicated that his son was contacted. However, Ayvazyan's testimony that his son was "called back" is not necessarily inconsistent with the application statement that the extortion demand was communicated to him. In any case, even if we assumed that the application and the testimony differed slightly on this point, this purported inconsistency does not support the IJ's adverse credibility determination because it does not go to the heart of Ayvazyan's asylum claim. *See Li,* 378 F.3d at 964. The basis for Ayvazyan's claim—that the militia told him that his son would be imprisoned and his daughter would be raped if he did not pay $1,000—is the same, regardless of how Ayvazyan was notified. Because the IJ did not explain how such a minor discrepancy supported an adverse credibility finding, it cannot stand. *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000).

Finally, the IJ questioned Ayvazyan's credibility because there was no indication in the State Department's Reports that Baha'is were persecuted in Armenia. However, our case law directs that "we will not infer that a petitioner's otherwise credible testimony is not believable merely because the events he relates are not described in a State Department document." *Chand v. INS,* 222 F.3d 1066, 1077 (9th Cir.2000). "Credible testimony by itself is sufficient to support an asylum claim." *Id.*

In sum, applying the applicable standards, substantial evidence does not sup-

port the IJ's adverse credibility determination. Because we find that the IJ's adverse credibility determination was not supported by substantial evidence, and the BIA did not consider whether Ayvazyan would have been eligible for asylum had his testimony been credible, we remand to the BIA so that it may make that determination in the first instance. *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We need not reach any other issue urged by the parties.

**PETITION GRANTED; REMANDED.**